■ Mary R. Garcia, Individually and as Executrix of William Garcia, Deceased, Respondent-Appellant, v Nyack Hospital, Defendant, and Herbert Sperling et al., Appellants-Respondents.—In a medical malpractice action to recover damages for conscious pain and suffering and wrongful death, (1) defendants Herbert Sperling and Isidor Rosen appeal separately, as limited by their briefs, from so much of a judgment of the Supreme Court, Rockland County, entered July 29, 1974, as is in favor of plaintiff and against them, upon a jury verdict, and (2) said defendants appeal, and plaintiff cross-appeals, from an order of the same court, dated May 20, 1974,

which denied separate motions to set aside the jury's verdicts. Judgment reversed insofar as appealed from, on the law and the facts, and, as between plaintiff and appellants-respondents, action severed and new trial granted. Appeals from the order of May 20, 1974 dismissed as academic in view of the disposition of the appeal from the judgment. One bill of costs to abide the event of the new trial is awarded to cover all appeals as among plaintiff and appellants-respondents. On October 11, 1966, the decedent underwent elective surgery for a duodenal ulcer, the procedure utilized being a subtotal gastrectomy and vagotomy. The surgery was recommended by decedent's family physician, defendant Rosen, and the surgeon, defendant Sperling. The surgery was performed uneventfully and there is *no* claim of malpractice with regard to the operative procedure itself. On the sixth postoperative day, October 17, 1966, decedent suddenly went into shock. It was discovered that he had developed a "mechanical small bowel obstruction" which, concededly, required immediate surgical intervention. Toward the end of the emergency surgery, about which procedure, again, *no* complaint is made, decedent suffered two episodes of cardiac arrest. Efforts to revive him after the second episode were unsuccessful. Upon the trial, plaintiff proceeded upon two independent theories or grounds of liability. First, it was claimed that the elective surgery of October 11, 1966 was "unnecessary" or, more properly, contraindicated and not in accord with accepted medical practice in light of the nature and frequency of decedent's symptoms. Second, it was claimed that the defendant physicians were negligent in their postoperative care and treatment of decedent in failing to timely discover the onset of conditions (an intestinal obstruction) which led to his demise. We find the jury verdicts against defendants Rosen and Sperling on the cause of action for conscious pain and suffering, and against defendant Sperling on the cause of action for wrongful death, to be against the weight of the credible evidence. More particularly, the weight of the credible evidence adduced indicates that surgery was an acceptable method of treatment and that the decision to discontinue conservative medical treatment, in view of decedent's recurrent episodes of bleeding, was based upon the sound exercise of medical judgment. The preponderance of evidence also suggests that defendant Sperling was not negligent in failing to discern the alleged existence of an intestinal obstruction prior to a time late in the day of October 17, 1966. Plaintiff's expert proof in this respect was essentially conclusory and was based upon hindsight. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.